IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON D. TAYLOR, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:21-cv-00040 |
| MACON COUNTY SHERIFF'S DEPARTMENT, et al. | ) Chief Judge Waverly D. Crenshaw, Jr.<br>) Magistrate Judge Alistair E. Newbern |
| Defendants. | ) |

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT

Pending is Plaintiffs' Motion for Default Judgment[1] against Defendant Kim Summers pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. (Doc. No. 56). For the following reasons, the Motion is **DENIED**.

Plaintiffs filed their original complaint on October 6, 2021. (Doc. No. 1). Summons was issued as to Ms. Summers on October 8, 2021. (Doc. No. 5). Plaintiffs filed an amended complaint on November 12, 2021. (Doc. No. 7).

On August 18, 2022, Plaintiffs returned the Summons along with a Proof of Service declaration signed by process server, Tom A. Clark. (Doc. No. 35). Mr. Clerk states that on August 16, 2022, he personally served Ms. Summers with process. *Id.* On November 14, 2022, Plaintiffs filed the pending Motion for entry of default. (Doc. No. 56). In support of the Motion, Plaintiffs filed a Declaration by Phillip S. Georges, (Doc. No. 56-1), copies of the Proof of Service

---

[1] Plaintiffs' filing is styled "Motion for Default Judgment" but seeks relief pursuant to Federal Rule of Civil Procedure 55(a). As a result, the Clerk will construe Plaintiffs' motion as one for entry of default pursuant to Rule 55(a) and not one for default judgment pursuant to Rule 55(b).

1

declaration, (Doc. Nos. 56-3 and 56-4), and a Status Report from Department of Defense Manpower Data Center confirming that Ms. Summers is not an active member of the military, (Doc. No. 56-5).

On January 13, 2022, counsel for Kim Summers entered an appearance, filed an Answer to Plaintiffs' Amended Complaint, filed a Motion for Summary Judgment, and filed a Response in opposition to Plaintiffs' Motion for entry of default. (Doc. Nos. 63, 64, 65, and 69, respectively).

A plaintiff must fulfill the procedural requirements of Federal Rule of Civil Procedure 55 and seek entry of default prior to seeking entry of a default judgment. *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted). Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01.

Plaintiffs have met the requirements of Local Rule 55.01(i), (iii), and (iv); however, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . .. There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted).

In her response in opposition to Plaintiffs' Motion, Defendant Summers offered a plausible explanation for her failure to defend this action sooner, namely that Ms. Summers believed that the County, for whom she was employed, was defending the action on her behalf. (Doc. No. 69). Moreover, Plaintiffs have not provided evidence that they have been prejudiced because of the delay. As a result, the Clerk finds that Defendant Summers has expressed a clear intent to defend this action and public policy favors resolution of this case on the merits. Accordingly, Plaintiffs' Motion for Default Judgment, construed as a motion for entry of default, (Doc. No. 56) is **DENIED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
