IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON D. TAYLOR, et al., | ) |
| Plaintiffs, | ) ) |
| | ) Case No. 2:21-cv-00040 |
| v. | ) ) Chief Judge Waverly D. Crenshaw, Jr. |
| MACON COUNTY SHERIFF'S DEPARTMENT, et al. | ) Magistrate Judge Alistair E. Newbern ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT
## UPON RECONSIDERATION

Plaintiffs filed their Motion for Default Judgment[1] against Kim Summers on November 14, 2022. (Doc. No. 56). On January 13, 2023, counsel for Ms. Summers entered an appearance, filed an Answer to Plaintiffs' Amended Complaint, a Motion for Summary Judgment, and a Response in opposition to Plaintiffs' Motion for entry of default. (Doc. Nos. 63, 64, 65, and 69, respectively). On January 19, 2023, one day before the deadline to file optional reply briefs pursuant to Local Rule 7.01 (a)(4), the Clerk entered an order denying Plaintiffs' motion for entry of default. (Doc. No. 71). Plaintiffs' counsel subsequently advised the Clerk that they had planned to file a reply within the time allowed by the Local Rules. As a result, the Clerk granted counsel's request to file the reply and agreed to reconsider Plaintiffs' motion for entry of default. Plaintiffs timely filed the Reply on

---

[1] Plaintiffs' filing is styled "Motion for Default Judgment" but seeks relief pursuant to Federal Rule of Civil Procedure 55(a). As a result, the Clerk construed Plaintiffs' motion as one for entry of default pursuant to Rule 55(a) and not one for default judgment pursuant to Rule 55(b).

January 20, 2023.[2] (Doc. No. 73). Upon careful consideration of the Motion, Ms. Summers's Response in opposition, and Plaintiffs' Reply brief, the Clerk again finds entry of default to be inappropriate and **DENIES** Plaintiffs' Motion. (Doc. No. 56).

Plaintiffs filed their original complaint on October 6, 2021. (Doc. No. 1). Summons was issued as to Kim Summers on October 8, 2021. (Doc. No. 5). Plaintiffs filed a first amended complaint on November 12, 2021. (Doc. No. 7). On March 3, and again on March 4, 2022, Plaintiffs returned the original Summons along with a Proof of Service declaration executed by India Vanella stating that she returned the summons unexecuted because "unable to locate, evading." (Doc. Nos. 18 and 23). Ms. Vanella provided no information regarding her efforts to locate Ms. Summers, the number to times she tried to serve Ms. Summers, or why she believed Ms. Summers was evading service. (Doc. Nos. 23 and 31-1).

On July 12, 2022, Plaintiffs filed a Motion to extend the time to effect service upon Ms. Summers. (Doc. No. 31). In the Motion, Plaintiffs assert that multiple attempts were made to serve Ms. Summers and attached the Proof of Service declaration of Ms. Vanella in support. (Doc. Nos. 30 and 30-1). The Court granted the Plaintiffs' request for extension on July 22, 2022. (Doc. No. 32). On August 17, 2022, Plaintiffs filed a second Proof of Service declaration stating that Ms. Summers was personally served on August 16, 2022. (Doc. No. 34).

On November 14, 2022, Plaintiffs filed the pending Motion for entry of default. (Doc. No. 56). In support of the Motion, Plaintiffs filed a Declaration by Phillip S. Georges, (Doc. No. 56-1), copies of the Proof of Service declaration, (Doc. Nos. 56-3 and 56-4), and a Status Report from Department of Defense Manpower Data Center confirming that Ms. Summers is not an active member of the military. (Doc. No. 56-5). On December 14, 2022, counsel for Defendant Macon

---

[2] Despite timely filing their Reply, Plaintiffs' brief exceeds the five (5) page limitation set forth in Local Rule 7.01(a)(4). The Clerk has considered Plaintiffs' Reply brief in its entirety, but cautions counsel against ignoring page limit requirements in all future filings with the Court.

County Sheriff's Department filed a Notice Regarding Information of Kim Summers and Motion for Extension of time within which Ms. Summers could respond to the Motion for entry of default. (Doc. No. 58). Counsel explained that several months prior, Ms. Summers was involved in a motor vehicle accident which resulted in extended hospitalization. *Id*. Plaintiffs opposed the Motion, but the Court granted the extension request on December 20, 2022. (Doc. No. 62).

On January 13, 2023, counsel for Kim Summers entered an appearance, filed an Answer to Plaintiffs' Amended Complaint, filed a Motion for Summary Judgment, and filed a Response in opposition to Plaintiffs' Motion for entry of default. (Doc. Nos. 63, 64, 65, and 69, respectively). In her opposition brief, Ms. Summers explained that she failed to defend this action sooner because she believed that the County, for whom she was employed, was defending the action on her behalf. (Doc. No. 69). She also explained that the injuries sustained in the accident, which occurred on October 16, 2023, were significant and that she has since had multiple strokes as a result. *Id.*

Plaintiffs' Reply challenges Ms. Summers's explanation arguing that she had intentionally evaded service in this case ("Lawsuit #2") as evidenced by the declaration of Ms. Vanella and, in part, by her failure to timely respond in a related, but separate suit filed against her: Case. No. 2:21-cv-0009 ("Lawsuit #1"). While waiting for Ms. Summers to enter an appearance in Lawsuit #1, and while attempting to serve Ms. Summers in Lawsuit #2, Plaintiffs explain that the a "significant amount of consolidation [of the two lawsuits] occurred," the parties proceeded with discovery, and they are now facing certain key deadlines. (Doc. No. 73 at PageID #362). In essence, Plaintiffs argue that they will be prejudiced if default is not entered.

Plaintiffs contend that the standard for evaluating whether entry of default should be set aside pursuant to Federal Rule of Civil Procedure 55(c) applies equally to the evaluation of whether entry of default should be granted. Namely, "(1) whether the default was the result of the defendant's willful of culpable conduct; (2) whether the plaintiff would be prejudiced by setting aside the

judgment; and (3) whether the defendant presented any meritorious defenses following the default. *Acceptance Indem. Ins. Co. v. Shepard,* No. 19-CV-12777, 2020 WL 5249209, at *3 (E.D. Mich. Sept. 3, 2020). The Sixth Circuit has called into question whether this standard properly applies at the entry of default stage, however. *Devlin v. Kalm*, 493 Fed. Appx. 678, 685 (6th Cir. 2012). In *Devlin,* the court stated that the district court "may have committed a procedural error by reviewing Plaintiff's motions [for entry of default and for reconsideration of the clerk's denial of entry of default] under Rule 55(c), because there was not a default entry to set aside." *Id.* As a result, the Clerk will not apply this three-prong standard here.

Instead, the Clerk applies the standard set forth in Federal Rule of Civil Procedure 55(a), tempered by the "strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits." *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110, at *2 (D. Neb. June 24, 2008) (internal citations omitted). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default . . . ." *Id.* "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "[I]n the interests of justice, federal courts prefer to reach the merits of a claim rather than dismiss a claim for procedural flaws. *DR Ent., LLC v. Blue Moon Ent., LLC*, No. 3:21-CV-817, 2022 WL 2981425, at *2 (M.D. Tenn. June 29, 2022), *report and recommendation adopted,* No. 3:21-CV-00817, 2022 WL 2975307 (M.D. Tenn. July 27, 2022). The Court in this case has also stressed this principal, "The Court notes, however, "the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." Wright and Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.)." (Doc. No. 93). Entry of default is the first step of the two-step default judgment process. *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006). As a result, the Clerk must remain cognizant of the public policy considerations and the fact that "Sixth Circuit courts are

extremely forgiving to defaulting parties." *United States v. $22,050 U. S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

Plaintiffs successfully served Ms. Summers in this case on August 16, 2022. Approximately 60 days after Ms. Summers's response deadline, Plaintiffs filed their Motion for entry of default, which apparently prompted counsel's intervention and efforts to secure an extension of time within which Ms. Summers could respond to the Motion. Ms. Summers subsequently entered an appearance, filed a response in opposition, an answer to the amended complaint, and a dispositive motion. As a result, and after reconsideration, the Clerk finds that the public policy considerations outweigh any potential prejudice to Plaintiffs. Plaintiffs' Motion for Default Judgment, construed as a motion for entry of default, (Doc. No. 56) is **DENIED**.

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court