UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BRANDON D. TAYLOR, et al., | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) No. 2:21-cv-00040 |
| THE MACON COUNTY SHERIFF'S DEPARTMENT d/b/a MACON COUNTY JAIL, et al., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Before the Court is Defendant Kim Summers' Motion for Summary Judgment (Doc. No. 65),[1] to which Plaintiffs have responded, (Doc No. 79), and Defendant has replied. (Doc. No. 81). Kim Summers was a former correctional facility officer at the Macon County Jail. (Doc. No. 68 ¶¶ 1–2; Doc. No. 79 at 4). She is alleged to have contributed to abuse suffered by Plaintiffs during their incarceration at the Macon County Jail. (Doc. No. 7 ¶¶ 37, 48; Doc. No. 79 ¶¶ 6–7; Doc. No. 79-1 at 3). Taken as true, the abuse may have constituted deliberate violations of the Eighth and Fourteenth Amendments to the Constitution of the United States, (Doc. No. 7 ¶¶ 20–22), and negligence premised upon these same constitutional violations (Id. ¶¶ 82). However, Summers' employment with the Macon County Jail ended as of April 16, 2020. (Doc. No. 68 ¶ 2; Doc. No. 79 at 4; Doc. No. 79-1 at 2). Well over a year passed before Plaintiffs filed the Complaint (Doc.

---

[1] The facts provided herein are drawn from the parties' undisputed statement of facts (Doc. Nos. 68 and 79-1), supporting declarations and exhibits (Doc. Nos. 67 and 79-2), and portions of the Amended Complaint (Doc. No. 7) that are not contradicted by the record evidence. Plaintiffs' statement of additional facts (Doc. No. 79-1 at 2–3) is undisputed, as no response was provided in accordance with M.D. Tenn. L.R. 56.01(d). Nonetheless, the Court does not find Plaintiffs' additional facts to be material for the reasons provided herein. See infra Section II.B.

No. 1) on October 6, 2021. Summers argues that Plaintiffs' claims are barred by the statute of limitations. (Doc. No. 64 at 10, 22; Doc. No. 66). The Court agrees.

## I.  LEGAL STANDARDS

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Scott v. First S. Nat'l Bank, 936 F.3d 509, 516 (6th Cir. 2019). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

"The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). If the movant's initial burden is met, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). Such parties "must support the[ir] assertion[s] by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations." Blankenship v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., No. 3:19-CV-00146, 2021 WL 3037485, at *2 (M.D. Tenn. July 19, 2021) (citing Fed. R. Civ. P. 56(c)(1)(A)). When evaluating the record, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs., 974 F.3d 652, 660 (6th Cir. 2020).

## II. DISCUSSION

Summers argues that Plaintiffs' claims run afoul the one-year statute of limitations period because her employment at the Macon County Jail ended on April 16, 2020, more than a year before this action was commenced on October 6, 2021. (Doc. No. 66 at 3–5; Doc. No. 68 ¶¶ 1–2). Plaintiffs concede these facts, (Doc. No. 79 at 4; Doc. No. 79-1 at 2), and do not challenge the one-year statute of limitations, (see generally Doc. No. 79), but argue that equitable tolling should apply due to Summers' initiation of harmful policies and the absence of legal resources at the Macon County Jail. (Doc. No. 79 at 6–7; Doc. No. 79-1 at 3). Neither circumstance warrants tolling. While the allegations against Defendant are troubling, (see Doc. No. 7 ¶¶ 37, 48), they are untimely.

A. Timeliness

Section 1983 provides "a cause of action against any person who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law." McKnight v. Rees, 88 F.3d 417, 419 (6th Cir. 1996). Federal courts apply the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); Wallace v. Kato, 549 U.S. 384, 387 (2007) ("Section 1983 . . . looks to the law of the State in which the cause of action arose. . . . [F]or the length of the statute of limitations: It is that which the State provides for personal-injury torts."). In Tennessee, the relevant statute of limitations period is one year, to which all of Plaintiffs' claims are subject. Tenn. Code Ann. § 28-3-104(a)(1); Bruce v. Corr. Med. Servs., Inc., 389 F. App'x 462, 465–66 (6th Cir. 2010); Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000).

Tennessee's Rules of Civil Procedure further solidify the date in which this action was commenced:

> All civil actions are commenced by filing a complaint with the clerk of the court. *An action is commenced within the meaning of any statute of limitations upon such filing of a complaint*, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added). Accordingly, this case was commenced no earlier than October 6, 2021, when the initial complaint was filed. (Doc. No. 1).

"While Tennessee law determines the length of the limitations period, federal law determines the event that causes the one-year clock to begin to tick (that is, the 'accrual date') . . . ." Bannister v. Knox Cnty. Bd. of Edu., 49 F.4th 1000, 1008–11 (6th Cir. 2022). Plaintiffs' one-year statute of limitations began "to run when [they] kn[e]w or ha[d] reason to know of the injury which is the basis of [their] action." Hughes, 215 F.3d at 548 (quoting Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984)). Plaintiffs do not provide specific dates as to when the alleged injuries occurred, (see generally Doc. No. 7), but instead assert a general window of abuse between January 2019 through July 2021. (Id. 7 ¶¶ 1–8, 26). Nonetheless, Plaintiffs claims are limited to those where Defendants were "acting in their oversight duties and course and scope of their employment through the Macon County Jail . . . [,]" and Summers has only been "sued in [her] appointed or employed capacity . . . ." (Id. ¶¶ 22, 29).

It is undisputed that Summers was no longer employed by the Macon County Jail after April 16, 2020. (Doc. Nos. 68 and 79-1). The injuries alleged, (see Doc. No. 7 ¶¶ 37, 48), "should have alerted the typical lay person to protect his or her rights." Hughes, 215 F.3d at 548 (quoting

Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984)).  Therefore, the injuries attributable to Summers should have been identified by April 16, 2020, requiring a pleading no later than April 16, 2021.  The claims against Summers, commenced on October 6, 2021,[2] are untimely and fall outside the limitations period.

B. Equitable Tolling

"Federal courts apply equitable tolling 'sparingly.'"  Roberson v. Macnicol, 698 F. App'x 248, 251 (6th Cir. 2017) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)).  Nonetheless, Plaintiffs argue that the statute of limitations should be equitably tolled because of "a course of conduct" / "continuing violation" initiated by Summers, (Doc. No. 79 at 5–6), and denial of law library access.  (Id. at 6–7).  Neither argument is availing.

Plaintiffs' first argument is premised on the assertion that "Defendant Summers initiated . . . policies [that] became a recurring issue that would not stop, functionally, until the filing of this lawsuit. The injuries that resulted from these policies, therefore, also continued past the initiation of the policy and, indeed, past Defendant Summers' separation from the County."  (Id. at 6).  Plaintiffs rely upon the continuing violations doctrine, (see id. at 5), which may toll a statute of limitations period in the presence of continued civil rights deprivations.  See Nat'l Parks Conservation Ass'n, Inc. v. Tenn. Valley Auth., 480 F.3d 410, 416 (6th Cir. 2007).  However, tolling requires "continual unlawful acts, not continual ill effects from an original violation."  Bruce v. Corr. Med. Servs., Inc., 389 F. App'x 462, 466 (6th Cir. 2010) (quoting Eidson, 510 F.3d

---

[2] Plaintiffs' reference to the earlier lawsuit against Summers, (see Doc. No. 79 at 2–4), is unpersuasive.  Consolidation with Brown v. Macon County Sheriff's Department, No. 2:21-cv-00009, was solely "for purposes of discovery." (Doc No. 75).  Even if the Court were to rely on the commencement date in Brown, which it does not, that action was not initiated against Summers until May 7, 2021, (see Doc. No. 79 at 2), which remains outside the applicable limitations period.

5

at 635)).  Summers was unable to commit any relevant "continual unlawful act" at the Macon County Jail after April 16, 2020, (see Doc. No. 79-1 at 2), rendering this theory inapplicable.

Plaintiffs' second argument fairs no better.  Consistent with the applicable statute of limitations, federal courts apply state law when evaluating equitable tolling.  Roberson, 698 F. App'x at 250–51.  While Tennessee law "allows the statute of limitations to be tolled under certain specific circumstances . . . . [I]gnorance of the law is not one of these circumstances, and neither is lack of access to a law library when the plaintiff is incarcerated."  Simmons v. Gath Baptist Church, 109 S.W.3d 370, 373 (Tenn. Ct. App. 2003) (emphasis added) (citing Brown v. State, 928 S.W.2d 453 (Tenn. Crim. App. 1996)) (holding that a lack of "adequate legal services or a law library" was incapable of tolling the statute of limitations for claims under Tenn. Code Ann. § 28-3-104 and 28 U.S.C. § 1983); see generally Tenn. Code Ann. tit. 28, Ch. 1.  The absence of a law library in the Macon County Jail, (Doc. No. 79-1 at 2–3), does not warrant tolling.

For the foregoing reasons, Defendant Kim Summers' Motion for Summary Judgment (Doc. No. 65) will be granted.  An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE